UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

JUL 2 2 2026

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **4:26CR00340 MTS/NCC** |
| | ) | |
| TONY KING, | ) | |
| | ) | |
| Defendant. | ) | |

## INDICTMENT

The Grand Jury charges that, at all times relevant to this Indictment:

## BACKGROUND

### I.  The Defendant

1.      Defendant Tony King ("Defendant King") defrauded the Missouri Medicaid Program out of approximately $1,470,000.  Defendant King operated Agape Love Adult Day Center, LLC ("Agape Love ADC"), which is a Missouri limited liability company located in St. Louis County, Missouri in the Eastern District of Missouri.  In furtherance of the fraud scheme, Defendant King caused fraudulent reimbursement claims to be submitted for services that were never provided to Missouri Medicaid patients.

2.      At all times relevant to this Indictment, Defendant King held out Agape Love ADC as an Adult Day Care Waiver ("ADCW") provider.  The ADCW program provides for continuous care and supervision of older and disabled adults for up to ten hours per day for a maximum of five days per week.  The services provided can include activities of daily living, planned group activities, food services, and transportation.

3.      At all times relevant to this Indictment, Defendant King resided in St. Louis,

1

Missouri.

## II.    The Missouri Medicaid Program

4.    The Missouri Medicaid Program is a health care benefit program within the meaning of 18 U.S.C. § 24(b) that affects interstate commerce and provides low-income citizens of Missouri with medical benefits, items, and services. Funded by federal and state tax revenue, the Missouri Department of Social Services, through MO HealthNet, administers the Missouri Medicaid Program under federal law, with guidance from the United States Department of Health and Human Services.

5.    The Missouri Medicaid Program reimburses enrolled providers only for covered services actually rendered to eligible Medicaid beneficiaries that are reasonable and medically necessary.

6.    To become a provider in the Missouri Medicaid Program, the provider must be approved by Missouri Medicaid Audit & Compliance ("MMAC") and must promise to abide by applicable federal and state laws, rules, and regulations, including those prohibiting the submission of false claims for reimbursement.

7.    The Missouri Medicaid Program provides reimbursement for ADCW services, which involves continuous care and supervision of adults with disabilities based on an individual's plan of care. ADCW services may include planned group activities, such as socialization, recreation, and cultural activities that stimulate the individual and help maintain optimal functioning, as well as food service, and transportation. The ADCW was developed to provide a community-based alternative to individuals with a disability, ages 18-63, who would otherwise be institutionalized in a nursing facility.

8.    At all times relevant to this Indictment, the Missouri Medicaid Program relied on

2

the truthfulness of information submitted to it by a provider in its determination of whether to reimburse any given claim for payment and the Missouri Medicaid Program required its enrolled providers to provide truthful information in their claims for payment and in supporting documentation.

9.      At all times relevant to this Indictment, the Missouri Medicaid Program required providers to be truthful when representing whether ADCW services were, in fact, rendered.

10.      To enroll in the Missouri Medicaid Program, the provider must enter into a written agreement to receive reimbursement for services provided to Medicaid beneficiaries and must agree to abide by Missouri Medicaid's regulations in rendering and billing for those services.

## III.    Agape Love ADC

11.      Beginning at least as early as on or about August 23, 2017, Agape Love ADC became enrolled as a Missouri Medicaid provider.  As part of the enrollment, on or about August 23, 2017, Agape Love ADC signed a Medicaid Participation Agreement For Adult Day Care Services and certified:

> I am responsible for all services provided and all billing done under my provider number regardless to whom the reimbursement is paid.  It is my legal responsibility to ensure that the proper billing code is used and indicate the length of time I actually spend providing a service regardless to whom the reimbursement is paid.

12.      Agape Love ADC further certified, "I will comply with the Medicaid manual, bulletins, rules and regulations as required by the Missouri Medicaid Audit and Compliance Unit (MMAC) and the United States Department of Health and Human Services in the delivery of services and merchandise and in submitting claims for payment."

13.      At all times relevant to this Indictment, reimbursements for claims submitted by Agape Love ADC were deposited into a First Community Credit Union bank account held in the name of the company.

3



## COUNTS ONE THROUGH FIVE
### (Health Care Fraud: 18 U.S.C. §§ 1347 and 2)

14.    Each of the above allegations is hereby incorporated by reference as if fully set forth herein.

15.    Beginning by at least in or about February 2021, and continuing through at least in or about March 2026, in the Eastern District of Missouri and elsewhere, the defendant,

**TONY KING,**

committed the following offense against the United States:

(a) To knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud the Missouri Medicaid Program, which is a health care benefit program as defined in 18 U.S.C. § 24(b), and to obtain money owned by and under the custody and control of the Missouri Medicaid Program by means of material false and fraudulent pretenses, representations, and promises in connection with the delivery of and payment for health care benefits, items, and services, and voluntarily and intentionally cause another to do so.

All in violation of Title 18, United States Code, Sections 1347 and 2.

### Manner and Means of the Scheme and Conspiracy

16.    The primary purpose of the scheme and conspiracy was for the defendant to fraudulently obtain public funds from Missouri Medicaid.

17.    The scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises was carried out by Defendant King in the following manner:

18.    Defendant King submitted false claims to Missouri Medicaid reflecting that Agape Love ADC provided more adult day care services than in fact were provided to specific Missouri

4

Medicaid patients. Specifically, throughout the scheme, Defendant King submitted false claims to Missouri Medicaid reflecting that Agape Love ADC provided 10 hours of care per day to Missouri Medicaid patients, when, in fact, the company only provided 5 hours of care per day to Missouri Medicaid patients. Further, Defendant King submitted false claims to Missouri Medicaid reflecting that Agape Love ADC provided care to specific Missouri Medicaid patients, when, in fact, the company had not provided any care to those Missouri Medicaid patients on the claimed days because the patients were hospitalized or otherwise not present at Agape Love ADC.

19. Based on the fraudulent reimbursement claims that Defendant King caused to be submitted for the adult day care services that were never provided to Missouri Medicaid patients, Missouri Medicaid paid out approximately $1,470,000 million in public funds to Agape Love ADC.

20. On or about the dates set forth below, within the Eastern District of Missouri and elsewhere, the defendant knowingly, voluntarily and intentionally executed, and attempted to execute, the above-described scheme and artifice to defraud the Missouri Medicaid Program, which is a health care benefit program as defined in 18 U.S.C. § 24(b), and to obtain money owned by and under the custody and control of the Missouri Medicaid Program by means of material false and fraudulent pretenses, representations, and promises, in connection with the delivery of and payment for health care benefits, items, and services, and voluntarily and intentionally caused another to do so, that is, the defendant caused the transmission of the following false and fraudulent claims to Missouri Medicaid, to wit:

| Count | Claim Submitted by Defendant | Date Claim Submitted | Beginning Date of Service | Ending Date of Service | Medicaid Patient | Procedure Code | Units Billed (Each Unit = 15 Minutes of Services) | Amount Paid |
|---|---|---|---|---|---|---|---|---|
| 1 | Tony King | 3/8/2024 | 2/27/2024 | 2/27/2024 | M.S. | S5100 (adult day care) | 40 | $132.80 |
| 2 | Tony King | 8/15/2024 | 8/8/2024 | 8/8/2024 | J.C. | S5100 (adult day care) | 40 | $132.80 |
| 3 | Tony King | 11/29/204 | 11/29/2024 | 11/29/204 | C.V. | S5100 (adult day care) | 40 | $132.80 |
| 4 | Tony King | 2/27/2025 | 2/12/2025 | 2/12/2025 | B.H. | S5100 (adult day care) | 40 | $132.80 |
| 5 | Tony King | 3/13/2025 | 3/3/2025 | 3/3/2025 | L.F. | S5100 (adult day care) | 40 | $132.80 |

All in violation of Title 18, United States Code, Sections 1347 and 2.

## **FORFEITURE ALLEGATION**

The Grand Jury further alleges there is probable cause that:

1.     Pursuant to Title 18, United States Code, Section 982(a)(7), upon conviction of a Federal health care offense, as set forth in Counts One through Five, Defendant shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such violation.  Subject to forfeiture is a sum of money equal to the total value of any property, real or personal, constituting, or derived from, any proceeds traceable to such violation.

2.    If any of the property described above, as a result of any act or omission of Defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

THOMAS C. ALBUS
United States Attorney

_____
KARIN A. SCHUTE, #62019MO
Assistant United States Attorney

7